IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHAQUAN CARTER,                          )
Y15666,                                  )
                                         )
          Plaintiff,                     )
                                         )
vs.                                      )
                                         )     Case No. 26-cv-40-DWD
JUSTIN KULICH,                           )
JOHN DOE,                                )
HEATHER YOUNG,                           )
                                         )
          Defendants.                    )

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Shaquan Carter, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 15). On April 10, 2024, the Court designated a single claim to proceed in this case concerning conditions of confinement against John Doe placement officer, and it initiated service of process. (Doc. 17). Plaintiff has now filed a third Motion for a Preliminary Injunction (Doc. 21) seeking his transfer to another prison based on alleged retaliation by unidentified staff. The Motion will be denied because it does not relate to the sole claim or defendant in this case.

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). As for the first

requirement, the Court must determine whether "plaintiff has any likelihood of success—

in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. Irreparable harm is harm which cannot be repaired. *Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it."). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays*, 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Injunctive relief must be related to issues in the underlying lawsuit. *See e.g., Tatum v. Hunter*, Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief, including a request for a transfer, where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in Tatum v. Hunter*, Case No.

23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.*, Case No. 19-cv-394 (S.D. Ill. 2019).

In this case, the sole operative claim concerns the conditions of confinement Plaintiff alleges he experienced from June 30, 2025, through July of 2025 at the hands of John Doe placement officer.  By contrast, the Third Motion for a Preliminary Injunction alleges that on April 4, 2026, Plaintiff was physically assaulted by an unnamed staff member.  Plaintiff does not allege that this staff member has any link to the conditions of confinement that he experienced last summer, nor does he allege that the assailant is John Doe placement officer.  Given that injunctive relief must have a connection to the underlying claim and party in the lawsuit, the relief Plaintiff now seeks based on a recent unrelated assault is inappropriate.  Furthermore, a prison transfer is extraordinary relief that Courts are hesitant to entertain because prison administrators are much better suited to properly evaluate prison placement.  *See e.g.*, *Girtler v. Fedie*, 835 Fed. App'x 124 (7th Cir. 2020) (prison transfers are the business of prison officials and federal courts must afford broad deference to prisons on this issue).

Plaintiff's Third Motion for a Preliminary Injunction (Doc. 21) is **DENIED**.  If Plaintiff wishes to seek legal recourse concerning this new incident, he must consider initiating a new action.

**IT IS SO ORDERED.**

Dated: April 14, 2026

DAVID W. DUGAN
United States District Judge